IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD FRANK SMITH,<br>   Movant, | ::<br>:: | CIVIL ACTION NO.<br>1:10-CV-410-MHS-LTW |
| | :: | |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:06-CR-376-MHS-LTW |
| | :: | |
| UNITED STATES OF AMERICA,<br>   Respondent. | ::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, pro se, challenges under 28 U.S.C. § 2255 his conviction in this Court

for possession of a firearm by a convicted felon. (Doc. 139.)[1] The Government has

filed a response opposing the motion, (Doc. 143), and Movant has filed replies to that

response, (Docs. 144, 146, 147). Movant also has filed a notice of supplemental brief,

(Doc. 149), a motion to appoint counsel, (Doc. 145), and a motion for an evidentiary

hearing, (Doc. 148). For the reasons discussed below, the undersigned recommends that

Movant's motions be denied and that he be denied a certificate of appealability.

## I.   Background

On August 5, 2006, Nadia Boothe called 911 and reported that Movant had just

---

[1] Unless otherwise indicated, all citations to the record in this Order refer to
criminal action number 1:06-CR-376-MHS-LTW.

grabbed and threatened her in the parking lot of a gas station. Later that day, Boothe called 911 again when Movant appeared at the restaurant where Boothe worked. Atlanta police officer Matthew Henderson responded to the second call. When Henderson arrived at the scene, Boothe pointed out Movant to him as Movant was getting on a bus. Henderson stopped the bus, escorted Movant off of it, and attempted to arrest him. Movant tried to flee, and a fight ensued in which both men were injured. According to Boothe, Movant clubbed Henderson with a gun. After Henderson eventually subdued Movant, other police officers arrived and found a handgun at the scene, close to where Movant and Henderson had fought. The officers arrested Movant.

Movant was a convicted felon at the time of the August 5, 2006 incident. State and federal authorities prosecuted him for the incident. In November 2007, a state-court jury convicted Movant of aggravated assault on a police officer, obstruction of a law enforcement officer, possession of a firearm during the commission of a felony, boarding a bus with a concealed weapon, and giving false information to a police officer. The state court sentenced Movant to twenty years' imprisonment.

In this case, federal authorities prosecuted Movant for possession of a firearm by a convicted felon, and a jury found him guilty on September 14, 2007. On March 20, 2008, the Court sentenced him to ten years' imprisonment, but later reduced the

2

sentence to one hundred months after the Eleventh Circuit remanded the case for re-sentencing.[2] (Docs. 98, 135.) Attorney Kendal Silas represented Movant in pre-trial proceedings, at trial, at sentencing, and on appeal.

Movant asserted the following grounds on appeal:

1.   his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment to the U.S. Constitution was violated;

2.   the Court erred in denying his motion to suppress all evidence, especially the handgun, because Henderson arrested him without probable cause;

3.   the evidence presented at trial was insufficient to convict him because it did not permit a jury to conclude beyond a reasonable doubt that he possessed the handgun found at the scene of the incident;

4.   the Court erred in disallowing the testimony of defense witness Marino Simon after Simon spoke with Alfonso Kennedy about Kennedy's testimony just before Simon was to testify, in violation of the rule of sequestration;

5.   the Court erred in disallowing the hearsay testimony of a nurse who treated Henderson for the injuries he sustained in the fight with Movant; and

6.   the Court erred in failing to credit his pre-trial detention in state and federal custody toward his federal sentence.

*United States v. Smith*, 318 F. App'x 780, 789-98 (11th Cir. 2009). The Eleventh Circuit rejected all of Movant's grounds except the last one regarding his sentence,

---

[2] The Honorable Beverly B. Martin, a former District Judge on this Court, presided over Movant's criminal case through re-sentencing.

affirmed his conviction, and remanded for re-sentencing. *Id.*

## II.  **Movant's Claims**

In his § 2255 motion, Movant asserts that Silas rendered ineffective assistance of counsel at trial and on appeal. (Doc. 139.) Specifically, Movant alleges that Silas was ineffective in failing to:

1. prepare argument and present on appeal specific errors the Court made in violating the Speedy Trial Act;

2. instruct Simon, who would have proved Movant's innocence, not to talk with other witnesses and to inform the Court that neither Simon nor Kennedy were present on the first day of trial when the rule of sequestration was invoked;

3. object at trial and to raise on appeal the prosecutor's misconduct in leading Henderson in his testimony and in offering Boothe's perjured testimony;

4. object to the Court's judicial misconduct at trial – namely the Court's failure to properly dispose of the speedy trial issue, conducting off-the-record bench conferences with counsel at trial, and using words and conduct manifesting bias toward conviction – and the undersigned's misconduct at a pre-trial conference on October 2, 2006 – namely the undersigned's statement at that conference that she saw a news report of the August 5, 2006 incident and the undersigned's question if an officer was hurt in the struggle; and

5. properly litigate the Fourth Amendment issues in the pre-trial proceedings and on appeal.

(Docs. 139, 144.)

After filing his § 2255 motion and his reply to Respondent's opposition to the motion, Movant filed a supplement to his reply and a notice of supplemental briefing. (Docs. 146, 149.) In those filings, Movant asserts the following additional claims:

6. his prior felony conviction, which is an element of the federal crime of which he was convicted, should not have been submitted to the jury because it had been established in another court;

7. Silas was ineffective for failing to object to the Court's jury instruction that conclusively presumed Movant was a convicted felon;

8. the police had no warrant or probable cause to arrest him after Boothe's second complaint on August 5, 2006, and responded to that complaint only because Boothe made it from a white-owned restaurant chain; and

9. he was denied a fair trial by a jury of his peers because one juror noted after trial that the juror voted for guilt only because he felt pressured by other jurors and that the verdict was against that juror's conscience.

(*Id.*) In deference to Movant's uncounseled status, the undersigned will consider the additional claims asserted in his supplemental filings.

Respondent argues that Movant's claims that Silas was constitutionally ineffective are the same claims he asserted on appeal, but merely repackaged as ineffective assistance claims. (Doc. 143.) Respondent contends that all of Movant's claims are procedurally barred because either he failed to raise them on appeal or the Eleventh Circuit decided them adversely to him. (*Id.*) Respondent further argues that

5

Movant's ineffective assistance claims fail on their merits.

## III.   The 28 U.S.C. § 2255 Standard

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v.*

*United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

A court also may review a claim in a § 2255 motion that was not raised on appeal, even if the movant has not established cause and prejudice for the procedural default, if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review. *Lynn*, 365 F.3d at 1234-35 (quotations omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n. 18 (quotations omitted). In this regard, a § 2255 movant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

An alleged error "decided adversely to a defendant on direct appeal [] cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotations omitted). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982).

## IV.   Analysis

Movant's motions to appoint counsel and for an evidentiary hearing should be denied. There is no automatic right to counsel in a § 2255 proceeding. *Shepherd v. United States*, 253 F.3d 585, 587 (11th Cir. 2001). In collateral proceedings challenging a conviction, appointment of counsel is necessary only when due process or "the interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B); *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson*, 393 U.S. at 487; *see* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(c) (providing that counsel may be appointed for an evidentiary hearing if it is warranted under § 3006A). Movant has not demonstrated that appointment of counsel under § 3006A is necessary or warranted in this case.

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting § 2255); *Downs-Morgan v. United States*, 765 F.2d 1534, 1536-37 (11th Cir. 1985). A hearing is not warranted when the

8

movant's allegations, accepted as true, and the undisputed record facts fail to set forth a valid § 2255 claim. *See Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991); *Downs-Morgan*, 765 F.2d at 1537. As discussed below, the record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255. Thus, an evidentiary hearing is not warranted.

A.    <u>Movant's Ineffective Assistance of Counsel Claims</u>

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, *i.e.,* whether "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Movant has not shown that Silas' assistance was ineffective under the *Strickland* standard. The undersigned addresses each of the issues upon which Movant contends Silas was ineffective.

### 1.   Fourth Amendment and Speedy Trial Issues

Silas effectively presented the Fourth Amendment and speedy trial issues in written briefs and at hearings before the undersigned and the District Judge, as well as on appeal. (*See* Docs. 11, 13, 21, 22, 35, 110.) Movant has not shown that Silas' efforts, which were extensive, were objectively unreasonable. Silas competently argued in this Court and on appeal that Movant's speedy trial and Fourth Amendment rights had been violated, but the facts did not establish a violation. Movant has not overcome the strong presumption that Silas' actions were consistent with what a reasonably competent lawyer would have done.

Moreover, both this Court and the Eleventh Circuit found there was no violation of Movant's constitutional and statutory right to a speedy trial or his Fourth Amendment rights. *Smith*, 318 F. App'x at 789-93. Movant's rehashing of the same arguments he

previously presented on those issues does not establish that he was prejudiced by Silas' alleged deficiencies. Movant's ineffective assistance claim on those issues lacks merit. Thus, Movant is not entitled to relief on claims one and five.

### 2. Sequestration Issue

Movant contends that Silas improperly failed to instruct Kennedy and Simon, two defense witnesses, that the rule of sequestration had been invoked and that they were not to discuss their trial testimony. Movant contends that Simon, who was going to testify on the second day of trial shortly after Kennedy and Kennedy's grandmother testified, would have provided critical testimony. Movant does not identify what that testimony would have been or how it would have differed from Kennedy's testimony. Both Kennedy and Simon were on the porch of their grandmother's home across the street from the incident with Henderson on August 5, 2006, and the proffer of Simon's testimony "reveals nothing that was different from Kennedy's." *Id.* at 795. Thus, even assuming that Simon was not allowed to testify because Silas erred, Movant has not shown that he was prejudiced by the absence of the testimony.

More importantly, Movant cannot show that he was prejudiced by Silas' failure to instruct Simon and Kennedy regarding witness sequestration because Silas' investigator, who was present throughout the trial, instructed them. (Trial Tr. at 370-

11

71.)[3]  The defense investigator told the Court that he informed Simon, Kennedy, and their grandmother of the sequestration rule when they arrived at the courthouse and instructed them not to talk with each other about their testimony.  (*Id.*)  In fact, the defense investigator stated that the sequestration rule was "the first thing I told them." (*Id.* at 370.)  The record therefore conclusively demonstrates that Silas' alleged failures on the sequestration issue could not have prejudiced Movant.  Thus, Movant is not entitled to relief on claim two.

### 3.   *Prosecutorial Misconduct*

Movant contends that Silas improperly failed to object to the prosecutor presenting Boothe's perjured testimony at trial and failed to impeach Boothe's testimony.  Movant argues that Boothe lied when she testified that she saw a gun in Movant's possession on the day of the incident because she testified at an earlier evidentiary hearing in this case that she did not see a gun.

On cross-examination of Boothe at trial, Silas confronted Boothe with her prior testimony at the evidentiary hearing and highlighted the inconsistency regarding the gun.  (Trial Tr. at 108-09.)  Silas also confronted Boothe with her statements to the federal agent investigating the case, in which she did not state that she saw a gun on the

---

[3] The trial transcript is in the record at docket entries 111 through 113.

day of the incident. (*Id.* at 107-08.) After eliciting this damaging (to the prosecution's case) testimony from Booth, Silas again presented the inconsistencies in Boothe's testimony in his closing argument and pointed out that Boothe was the prosecution's only witness who saw a gun during the incident. (*Id.* at 424-30.) Silas also reminded the jury of the evidence that Boothe had prior convictions for theft and giving false statements to law enforcement and that those convictions impugned her character for truthfulness. (*Id.* at 81-82, 115-21, 430.)

In short, Silas competently impeached Boothe, and his performance was objectively reasonable. Moreover, it was not prosecutorial misconduct to present Boothe's testimony and allow the jury to judge her credibility. *See United States v. Siegelman*, ___ F.3d ___, No. 07-13163, 2011 WL 1753789, at *1 (11th Cir. May 10, 2011) ("[T]o the extent that the verdict rests upon the jury's evaluations of the credibility of individual witnesses, and the reasonable inferences to be drawn from that testimony, we owe deference to those decisions.").

Movant also argues that Silas improperly failed to object to the prosecutor's leading question on direct examination of Henderson. After Henderson testified about being struck with a blunt object upon exiting the bus with Movant, the prosecutor asked him: "were you still struggling physically with someone else at that point?" (*Id.* at 149.)

13

Silas did not object, and Henderson answered affirmatively. (*Id.*) Movant contends that Henderson had not mentioned a "struggle" until he was asked that question and, thus, the question was impermissibly suggestive.

While Henderson had not used the words "struggle" or "struggling" in his earlier testimony, he had described what happened when he and Movant exited the bus. Henderson testified that immediately upon exiting the bus he felt a blunt object strike him on the head, causing him to bleed profusely, and that he fell to the ground and tried to radio for help. (*Id.* at 147-49.) Henderson's testimony at that point permitted a reasonable inference that he was engaged in a struggle with someone. Thus, the undersigned cannot say that no reasonably competent lawyer would have failed to object to the ensuing question about whether Henderson was still physically struggling with someone. Moreover, even assuming that Silas was deficient for failing to object to the question, Movant has not shown that the question and answer prejudiced him, i.e., that the result of the trial would have been different had Henderson not answered the question.

The record conclusively refutes Movant's claim that Silas was ineffective in failing to object to alleged prosecutorial misconduct regarding Boothe's and Henderson's testimony. Accordingly, Movant's claim three lacks merit.

14

### 4.   *Judicial Misconduct*

Movant also contends that Silas improperly failed to object to Judge Martin's alleged judicial misconduct in this case.  Movant alleges that Judge Martin failed to properly dispose of the speedy trial issue, conducted off-the-record bench conferences with counsel at trial, and manifested bias toward conviction.  Movant's ineffective assistance claim regarding the speedy trial issues lacks merit for the reasons discussed above.  *See supra* Part IV.A.1.  Movant has not identified any off-the-record bench conferences that occurred at trial and, even if any such conferences occurred, he has not explained how Silas' failure to object to such conferences on the basis that Movant did not personally participate in them affected the outcome of the trial.

The only other instance of Judge Martin's allegedly biased conduct that Movant identifies is her interruption of Silas' closing argument because the jury urgently needed a break.  Judge Martin gave Silas and the prosecutor forty minutes each for their closing arguments, and although Silas' closing argument was interrupted at the jury's request, he was allowed to finish his argument and was given the same amount of time, in total, as the prosecutor.  (Trial Tr. at 433-39.)  Movant has not shown that Silas' failure to object to the interruption in his closing argument was not objectively reasonable, especially considering that any such objection may have offended the jury, which

urgently requested the break that caused the interruption.  Nor has Movant shown that he was prejudiced by Silas' failure to object to the interruption.

Movant also contends that Silas improperly failed to object to the undersigned's comment at a pre-trial conference on October 2, 2006, almost a year before the trial.  At the beginning of that conference, while the prosecutor was describing the case and the indictment filed just one month earlier, the undersigned commented that she saw a news report of the August 5, 2006 incident involving Movant and asked the prosecutor if an officer was hurt in the incident, as the news report suggested .  (Doc. 118 at 2.)  No evidence was offered at the conference, which lasted only a few minutes.  (*Id.* at 1-6.)

The undersigned's comment and question at the pretrial conference were not improper.  Silas was not ineffective for failing to object, and Movant has shown no prejudice to his case.  Movant's ineffective assistance claim regarding judicial misconduct lacks merit.  Thus, Movant is not entitled to relief on claim four.

### 5.  *Jury Instruction Regarding Prior Felony Conviction*

Movant contends that Silas should have objected to the Court's instruction to the jury that Movant's prior felony conviction was established pursuant to a stipulation. (*See* Trial Tr. at 168-69, 449.)  Because it is undisputed that the parties stipulated to Movant's prior conviction, Movant's claim is more appropriately viewed as a challenge

16

to the stipulation itself. Movant does not explain how Silas was ineffective for stipulating to the fact of the prior conviction, however, or identify any facts or evidence disputing the prior conviction. Indeed, Movant personally signed the written stipulation. (*Id.* at 168-69.) Thus, Movant has not shown that the stipulation was improper or that Silas was somehow deficient regarding the stipulation and is not entitled to relief on claim seven.

      B.    <u>Movant's Remaining Claims</u>

Movant's remaining claims are procedurally barred because he either did not present them on appeal or presented and lost them on appeal. Movant argued on appeal that there was no probable cause for his arrest, *Smith*, 318 F. App'x at 791-92, as he argues here. (Doc. 146). The Eleventh Circuit rejected Movant's lack of probable cause claim, finding that Henderson had probable cause to believe Movant had committed a crime when he first approached Movant and that officers had probable cause to arrest Movant after he tried to flee from Henderson. *Smith*, 318 F. App'x at 792-93. Because the Eleventh Circuit decided Movant's Fourth Amendment claims adversely to him, he cannot re-litigate them under § 2255. *See Nyhuis*, 211 F.3d at 1343 (holding that claim decided on appeal and later re-characterized in a § 2255 motion was barred from review). Thus, Movant is not entitled to relief on claim eight.

In addition, Movant procedurally defaulted on his remaining claims by not raising them on appeal, and he has not shown either cause and prejudice or that he is actually innocent. Thus, Movant has not overcome the procedural default that precludes the Court from reviewing claims six and nine.

Movant argues that Silas' failure to raise claims on appeal is cause for any procedural default. However, as discussed above, Movant has not established that Silas was ineffective. *See supra* Part IV.A.

Movant also argues that he is actually innocent of the crime of which he was convicted because Simon "testified to [Movant's] 'actual innocence'" at a state-court hearing in November 2008 and because a juror allegedly told Silas after trial that he was pressured into voting guilty by other jurors, who appeared to overlook deficiencies in the evidence. (Doc. 144 at 10, 20; Doc. 149.) The actual innocence exception "is exceedingly narrow in scope and applies only in "an extraordinary case." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). This is not such a case.

Movant does not describe any portion of Simon's alleged testimony at the state-court hearing or explain how any such testimony establishes Movant's innocence as a factual matter. As the Eleventh Circuit found, Movant's proffer of what Simons' testimony would have been in this case demonstrated that the testimony would have

18

been cumulative to Kennedy's testimony. *Smith*, 318 F. App'x at 795 ("The proffer of Simon's testimony reveals nothing that was different from Kennedy's. Although Simon would have testified that he saw nothing in [Movant's] hands, Kennedy already had testified similarly."). This Movant has not met the high burden for establishing actual innocence via Simon's purported testimony.

Nor has Movant demonstrated actual innocence based on the juror's alleged comments after the trial. "[F]or nearly a century, the Supreme Court has recognized a near-universal and firmly established common-law rule *flatly prohibiting* the use of juror testimony to impeach a verdict." *Siegelman*, 2011 WL 1753789, at *20. The Eleventh Circuit also "has repeatedly emphasized the important policy considerations that require the shielding of juries from public scrutiny of their deliberations," *id.*, and the Federal Rules of Evidence prohibit a juror from testifying "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or . . . concerning the juror's mental processes in connection therewith," Fed. R. Evid. 606(b).

Given this strong policy that shields juror deliberations, even assuming the truth of Movant's allegations regarding the juror's alleged post-trial comments in this case,

19

(Doc. 149), the Court cannot consider such comments in ruling on Movant's § 2255

motion. *See Siegelman*, 2011 WL 1753789, at \*22-23 (observing that it is not an abuse

of discretion to reject post-verdict challenges that would impeach the jury's verdict by

testimony about their deliberations, "despite evidence . . . of intrajury pressure to reach

a verdict"). Movant falls far short of demonstrating that he is actually innocent and has

not overcome the procedural default of his remaining claims.

## V.    Certificate of Appealability ("COA")

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court

must issue or deny a certificate of appealability when it enters a final order adverse to

the applicant." A COA may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing

of the denial of a constitutional right "includes showing that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved

in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 483-84 (2000)

(citations and internal quotations omitted). Where a § 2225 motion is denied on

procedural grounds without reaching the merits of an underlying constitutional claim,

"a COA should issue [only] when the prisoner shows, at least, that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

A COA is not warranted in this case. The record conclusively demonstrates that Movant is not entitled to relief, and the resolution of his claims is not reasonably debatable.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motions to vacate sentence [139], to appoint counsel [145], and for an evidentiary hearing [148] be **DENIED**. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability.

**SO RECOMMENDED** this 25 day of May , 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE